IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3052-FL

| | | |
|---|---|---|
| CLARENCE E. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALAN STEPHENSON, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on defendant's motion for summary judgment (DE 41) pursuant to Federal Rule of Civil Procedure 56. Plaintiff did not respond to the motion, and in this posture, the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant was failed to protect plaintiff where he knew of the risk of injury usage of toilets and urinals presented to inmates during maintenance and failed to provide warning. Defendant, sued in his individual capacity, is Alan Stephenson, a prison maintenance supervisor.

Following a period of discovery, and in accordance with the court's case management order, defendant filed the instant motion for summary judgment on February 27, 2025. Defendant argues that the undisputed evidence shows that he was not personally involved in the underlying

---

[1] Formerly named defendants Marshall Pike, Cathy Judge, and James D. Giggs were dismissed by court order on October 12, 2023.

incident and had no personal knowledge of the incident. In support of the motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) plaintiff's OPUS information; 2) defendant's declaration; 3) declaration of counsel; and 4) memorandum from Warden Cathy Judge.

On February 28, 2025, the court provided plaintiff notice of the motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that failure to respond may result in dismissal of the action. Nonetheless, plaintiff did not respond to the motion.

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome

of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Defendant has satisfied her burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see Def's Mot. (DE 41); Def's Mem. (DE 42)). The burden therefore shifts to plaintiff to "come

3

forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. Plaintiff has not met this burden where he failed to respond to the instant motion and his complaint is not verified under penalty of perjury. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Accordingly, plaintiff has not established a triable issue of fact and defendant is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 247–48.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 41) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge